UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

NEAL THOMPSON,
a/k/a Neil Thompson,

       Plaintiff,                         Case No. 1:13-CV-181

v.                                               HON. GORDON J. QUIST

CITIMORTGAGE, INC,

       Defendant.
_____/

## **OPINION**

      Plaintiff, Neal Thompson, commenced this action in Berrien County Circuit Court. Defendant, CitiMortgage, Inc., removed the case to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. CitiMortgage has filed a Motion to Dismiss (docket no. 5). Thompson has not responded. For the reasons set forth below, the Court will grant CitiMortgage's motion and dismiss the case.

### **I. FACTUAL BACKGROUND**[1]

      This case involves real property located at 15183 Boyle Lake Road, Buchanan, Berrien County, Michigan ("Property"). On October 8, 2005, Thompson accepted a mortgage loan for $145,000.00 from Ameriquest Mortgage Company. In exchange, Thompson executed a promissory note and granted Ameriquest a mortgage on the Property. In April 2006, Ameriquest assigned the

---

[1] The following facts are taken from Plaintiff's Complaint and documents referred to in the Complaint. In deciding a motion to dismiss, a court may consider the complaint and any documents attached to the complaint that are central to the claims contained therein. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Moreover, "if the plaintiff fails to attach the written instrument upon which he relies, the defendant may introduce the pertinent exhibit," which a court may then consider as a part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003).

mortgage to CitiFinancial Mortgage Company, Inc. CitiMortgage is CitiFinancial's successor by merger.

Until 2011, Thompson made monthly payments on the loan. On or about July 21, 2011, CitiMortgage mailed Thompson a notice of foreclosure, which stated that Thompson had failed to make four monthly payments. The letter advised Thompson that if he contacted CitiMortgage within 14 days, he could receive a meeting with CitiMortgage's agent "to attempt to work out a modification of the mortgage loan to avoid foreclosure." Thompson did not respond. CitiMortgage initiated the foreclosure process and, on September 22, 2011, the Property was sold at a sheriff's sale to CitiMortgage. Thompson had a one-year statutory redemption period, which expired on September 22, 2012. Thompson did not take action to redeem the property during the redemption period. On or about January 22, 2013—sixteen months after the sheriff's sale—Thompson filed a complaint in Berrien County Circuit Court. On February 19, 2013, CitiMortgage removed the case to this Court. Thompson alleges procedural deficiencies in the foreclosure process, and requests that this Court stay eviction proceedings in state court, declare the foreclosure sale void, and reinstate Thompson as the owner of the Property.

## II. STANDARD OF REVIEW

A complaint need not contain "detailed factual allegations," but to survive a motion to dismiss, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007). A plaintiff is obligated to allege sufficient facts to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id.* at 555, 570, 127 S. Ct. at 1965, 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). In deciding whether the plaintiff has alleged a plausible claim, a court must accept the factual allegations in the complaint as true. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). However, this presumption is not applicable to a complaint's legal conclusions. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949–50.

### III. LACHES

CitiMortgage argues that Thompson's claims of foreclosure irregularities are barred by the doctrine of laches because Thompson delayed in challenging the foreclosure. "A mortgagor seeking relief from an irregularity . . . must act promptly." *Fox v. Jacobs*, 289 Mich. 619, 624, 286 N.W. 854, 856 (1939) (holding a challenge to foreclosure proceedings nineteen months after the sale was barred by the doctrine of laches). The Michigan Supreme Court has stated, "[i]n a great many cases . . . we have said that delay in seeking the relief justifies denial." *Id.* Delay in seeking relief must be satisfactorily explained and excused, *see Gambino v. Gratiot Lumber & Coal Co.*, 235 Mich. 70, 74, 209 N.W. 120, 121 (1926), particularly when rights of third parties have intervened or others have taken action in good-faith reliance on the sale, *Leonard v. Taylor*, 12 Mich. 398, 399–400, 1864 WL 1289 (1864); *see also* David Lanciott & Jack K. Levin, 10A Mich. Pl. & Practice § 74:139 (2d ed. 2012). However, a "mere lapse of time does not necessarily constitute laches. As a rule it involves other considerations. It means that negligence or omission to assert a right which, considering the lapse of time in connection with other facts and circumstances prejudicial to the interests of the adverse party, render it unjust and inequitable to recognize such right when finally asserted." *Walker v. Schultz*, 175 Mich. 280, 293, 141 N.W. 543, 548 (1913).

In *Jackson Investment Corp. v. Pittsfield Products, Inc.*, the Michigan Court of Appeals held that a plaintiff who waited until five months into the six-month foreclosure redemption period was barred by the doctrine of laches from contesting the validity of the sheriff's sale on the basis of defective notice where he had actual notice. 162 Mich. App. 750, 756–57, 413 N.W.2d 99, 102

(1987).  There, the court found that the plaintiff had the means, skills, and knowledge to protect its interests more vigorously than it had, so its delay was not justified.  *Id.*

Similarly, in *Worthy v. World Wide Financial Services, Inc.*, a court granted a defendant-mortgagee's motion to dismiss where the plaintiff-mortgagor waited until six months after the foreclosure sale to file a complaint challenging the validity of the foreclosure notice.  347 F. Supp. 2d 502, 511 (E.D. Mich. 2004).  Moreover, laches aside, the court observed that there were not sufficient grounds to invalidate the foreclosure sale because the plaintiff-mortgagor had not established that the defective notice had caused prejudice.  *Id.* at 511; *see also Sweet Air Inv., Inc. v. Kenney*, 275 Mich. App. 492, 503, 739 N.W.2d 656, 662 (2007) (rejecting defendants' claims of inadequate notice on the basis that defendants were not timely in challenging the foreclosure sale and failed to establish any prejudice).

In this case, Thompson asks this Court to invalidate a foreclosure sale that occurred on September 22, 2011.  Thompson filed his Complaint sixteen months after the sale.  Thompson does not deny that he was aware of the foreclosure proceedings but failed to take action.  Thompson has not provided the Court with any justification for his delay.  Moreover, he has not demonstrated any prejudice resulting from the alleged defects in the foreclosure sale.  Therefore, Thompson's claims—all of which are premised on procedural deficiencies in the foreclosure proceedings—are barred by the doctrine of laches.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant CitiMortgage's Motion to Dismiss (docket no. 5).  An order consistent with this Opinion will be entered.


Dated:  April 30, 2013                         /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE